## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EMILY MACKIE, an individual, and INSPIRED INTERIORS, INC., an Illinois Corporation, | ) ) ) | |
| | ) | COMPLAINT |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 1:14-cv-09206 |
| MASON AWTRY, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

### AMENDED COMPLAINT

NOW COME the Plaintiffs EMILY MACKIE and INSPIRED INTERIORS, INC.

("Plaintiffs"), by and through their attorneys, Mudd Law Offices, and complain of the Defendant

MASON AWTRY ("Defendant"), upon personal information as to their own activities, and upon

information and belief as to the activities of others and all other matters, stating as follows:

### NATURE OF ACTION

1.      This is an action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. §

1030 ("CFAA"), Stored Communications Act, 18 U.S.C. §§ 2701, et seq. ("SCA"), Electronic

Communications Privacy Act, 18 U.S.C. §§ 2510 ("ECPA"), Anticybersquatting Consumer

Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), and the Illinois Deceptive Trade Practices Act

815 ILCS 510, et al., ("DTPA"); defamation *per se*; false light; intrusion upon seclusion; and

tortious interference with business relations, all arising from conduct engaged in by the

Defendant to harm the Plaintiffs.

2.      By this action, the Plaintiffs seek statutory damages, compensatory damages,

punitive damages, attorney's fees and costs, injunctive relief, and all other relief to which they

may be entitled and as deemed appropriate by this Court.

**PARTIES**

3.     EMILY MACKIE ("Ms. Mackie") is a citizen of the State of Illinois and a resident of Cook County, Illinois.

4.     INSPIRED INTERIORS, INC. ("Inspired Interiors") is a business incorporated in the State of Illinois with its principle place of business in Cook County, Illinois.

5.     MASON AWTRY is a citizen of the State of Illinois and a resident of Cook County, Illinois.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over the subject matter of the Plaintiffs' federal statutory claims pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the subject matter of the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7.     This Court may exercise personal jurisdiction over the Defendant because he is a citizen and resident of Illinois.

8.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.  Further, the Defendant directed his conduct toward the Plaintiffs in this district.

9.     The Defendant has engaged in intentional conduct with actual malice that has harmed the Plaintiffs.

10.     The Plaintiffs have been injured by the Defendant's conduct and have suffered damages resulting therefrom.

**FACTUAL BACKGROUND**

11.     This action involves the Defendant's efforts to defame, discredit, disparage, and

damage the Plaintiffs' reputation and thereby cause them to suffer harm.

## Background of Parties

12.     Ms. Mackie is an interior designer in the Chicago area.

13.     Ms. Mackie owns Inspired Interiors, an interior design firm in Chicago.

14.     The Defendant is an individual with whom Ms. Mackie once had a personal

relationship.

## Publication of Inspiredinteriors.com

15.     Inspired Interiors operates a website in relation to its interior design business at

the domain name inspiredinterior.com ("Inspired Interiors Website").

16.     When Ms. Mackie sought to obtain a domain name for her business, she wanted

the domain name inspiredinteriors.com.

17.     However, at the time she sought the domain name for her business, a third party

owned it.

18.     Since 2003, Ms. Mackie checked nearly every year to review the status of the

domain name inspiredinteriors.com.

19.     Each time Ms. Mackie checked the status of the domain name

inspiredinteriors.com, the domain name remained owned by a third party and available for sale at

a price of between $5,000.00 and $10,000.00.

20.     Based on the high price of the domain name inspiredinteriors.com, Ms. Mackie

did not purchase domain name inspiredinteriors.com.

21.     Instead, Ms. Mackie purchased the domain name inspiredinterior.com.

22.     However, Ms. Mackie discussed her interest in the domain name

inspiredinteriors.com with the Defendant.  As such, the Defendant knew of Ms. Mackie's interest

3

and desire to own and use the domain name inspiredinteriors.com.

23.     On or about October 14, 2014, Ms. Mackie received a voicemail from a former employee advising her that he believed the Inspired Interiors Website had been hacked.

24.     Also, on October 14, 2014, a Chicago area real estate agent and prospective Inspired Interiors partner, advised Ms. Mackie that she had attempted to visit the Inspired Interiors Website but instead found a different website.

25.     Upon investigation, Ms. Mackie discovered a website now existed at the domain name inspiredinteriors.com.

26.     The Defendant purchased the domain name inspiredinteriors.com ("Infringing Domain").

27.     Knowing Ms. Mackie's interest and desire to own the Infringing Domain, the Defendant purchased the Infringing Domain.

28.     The Defendant purchased the Infringing Domain to be confusingly similar to the domain used by the Plaintiffs' for their Inspired Interiors Website.

29.     By using the Infringing Domain, the website found at that domain name infringes the Plaintiffs' trademark "Inspired Interiors" and their domain name inspiredinterior.com ("Infringing Website").

30.     The Infringing Website displayed a picture of Ms. Mackie obtained directly from the Inspired Interiors Website.

31.     The content at the Infringing Website advised visitors it would reveal the truth about Ms. Mackie.

32.     The content at the Infringing Website falsely claimed Ms. Mackie is a liar.

33.     Ms. Mackie is not a liar.

34.     The content at the Infringing Website falsely claimed Ms. Mackie is a cheater.

35.     Ms. Mackie is not a cheater.

36.     The content at the Infringing Website falsely claimed Ms. Mackie is adulterous.

37.     Ms. Mackie is not adulterous.

38.     The Defendant posted the foregoing false statements ("False and Defamatory Statements") to the Infringing Website.

39.     The Defendant purchased the Infringing Domain to harm each of the Plaintiffs.

40.     The Defendant created the Infringing Website and the content found thereon to harm each of the Plaintiffs.

41.     By engaging in his conduct, the Defendant intended to divert business away from the Plaintiffs.

**Unauthorized Access to iCloud**

42.     After learning about the Infringing Website, Ms. Mackie reviewed the WHOIS information associated with the Infringing Domain.

43.     The WHOIS information for the Infringing Domain contained a street address "432 Truth Street."

44.     The street address appeared to be fake.  Upon further reflection, Ms. Mackie realized that the street number had recently been in Ms. Mackie's calendar.

45.     Upon seeing the similarity in street numbers, Ms. Mackie became concerned that someone obtained access to her personal and professional calendar and other private information.

46.     Upon investigation, Ms. Mackie learned that an unknown iPad Mini had "synced" with information from her iPad through her Apple iCloud Account ("iCloud Account").

47.     Ms. Mackie did not authorize anyone to access her private iCloud Account.

48.     Ms. Mackie did not provide anyone with the password to her iCloud Account.

49.     Ms. Mackie did not provide anyone with authorization to access her private iCloud Account, sync with her private iCloud Account, sync with her devices, or obtain her information.

50.     The Defendant gained unauthorized access to Ms. Mackie's iCloud Account.

51.     By gaining unauthorized access to Ms. Mackie's iCloud Account, the Defendant obtained access to Ms. Mackie's personal and professional email account hosted by Google, Inc. ("Mackie Email Account").

52.     Upon obtaining access to the Mackie Email Account, the Defendant obtained access to Ms. Mackie's stored electronic communications.

53.     The stored electronic communications in the Mackie Email Account constitute private communications.

54.     The Defendant did not possess authorization to access the stored private communications in the Mackie Email Account.

55.     The Defendant read one or more of the stored private communications in the Mackie Email Account.

56.     The Defendant did not possess authorization to read the stored private communications in the Mackie Email Account.

57.     Upon information and belief, the Defendant used the private communications found in the Mackie Email Account to harm Ms. Mackie.

58.     By gaining unauthorized access to Ms. Mackie's iCloud Account, the Defendant also obtained access to Ms. Mackie's Google Drive Account ("Google Drive").

59.     Ms. Mackie's Google Drive contained a large amount of both personal and

professional information including, but not limited to, the Plaintiffs' calendar(s), customers, and the names and contact information for the Plaintiffs' prospective customers.

60.     The Defendant did not possess authorization to access Ms. Mackie's Google Drive.

61.     The Defendant obtained unauthorized access to Ms. Mackie's Google Drive.

62.     Upon obtaining access to the Google Drive, the Defendant gained access to the Plaintiffs' personal and professional information including, but not limited to, the Plaintiffs' calendar(s), customers and contacts.

63.     Upon obtaining access to the Google Drive, the Defendant gained access to the names and contact information for the Plaintiffs' prospective customers.

64.     The Defendant did not possess authorization to access the information contained within Ms. Mackie's Google Drive.

65.     The Defendant obtained unauthorized access the information contained within Ms. Mackie's Google Drive.

66.     The Defendant gained unauthorized access to the Google Drive and the content accessible therein with the intent to harm the Plaintiffs.

67.     The foregoing conduct engaged in by the Defendant shall hereinafter be collectively called the Wrongful Conduct.

**Public Perception**

68.     Since the publication of the Infringing Website and False and Defamatory Statements, any individual reading the statements might believe that the Plaintiffs lack integrity in their employment and profession.

69.     Since the publication of the False and Defamatory Statements, any individual

reading the statements might be prejudiced against the Plaintiffs in their profession.

70.     At least one prospective client has declined the Plaintiffs services based on the False and Defamatory Statements.

71.     The Defendant acted with intent and actual malice because he intended to harm the Plaintiffs.

72.     The Plaintiffs have suffered, and continue to suffer, harm arising from the Defendant's Wrongful Conduct.


**CLAIMS FOR RELIEF**

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION**

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT**

**18 U.S.C. § 1030**

73.     The Plaintiffs hereby incorporate by reference Paragraphs 1 through 72 above in this First Court as though fully set forth herein.

74.     The Defendant knowingly and intentionally gained access to Ms. Mackie's iCloud Account using Ms. Mackie's private log-in information.

75.     The Defendant knowingly and intentionally gained access to Ms. Mackie's iCloud Account without the Plaintiff's authorization.

76.     Ms. Mackie did not authorize the Defendant to access her iCloud Account.

77.     By accessing Ms. Mackie's iCloud Account, the Defendant engaged in fraud.

78.     By gaining access to Ms. Mackie's iCloud Account, the Defendant obtained access to computers and servers hosted by Apple, Inc. ("Apple").

79.     The computers and servers hosted by Apple are used in and affect interstate commerce.

80.     The computers and servers hosted by Apple constitute protected computers.

81.     The Defendant obtained unauthorized access to or exceeded his authorized access to the Apple protected computers when he gained access to Ms. Mackie's iCloud Account.

82.     The Defendant knowingly and with intent to commit fraud obtained unauthorized access to or exceeded his authorized access to the Apple protected computers when he gained access to Ms. Mackie's iCloud Account.

83.     In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, the Defendant obtained value in the harassment he caused the Plaintiffs.

84.     In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, the Defendant obtained value in harming the Plaintiffs' reputations.

85.     In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, the Defendant obtained value in obtaining any communications intended for the Plaintiffs.

86.     In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account

and the information contained therein, the Defendant obtained other value not yet determined by the Plaintiffs.

87.    Every time the Defendant obtained access to Ms. Mackie's iCloud Account, any information contained therein, or any accounts associated therewith, he furthered his fraud.

88.    The Defendant intended to harm Ms. Mackie and Inspired Interiors personally by engaging in the conduct described in this Count One.

89.    By engaging in the conduct alleged in this Count One, the Defendant violated the Computer Fraud and Abuse Act, particularly 18 USC § 1030(a)(4).

90.    As a direct and proximate result of the Defendant's conduct described in this Count One and violation of the CFAA, the Plaintiffs have suffered losses aggregating in more than $5,000 including, but not limited to, the costs of responding to the foregoing violations of the Plaintiff's rights in the form of Information Technology ("IT") costs, reputation management fees, and legal fees (including, but not limited to, attorney's fees and paralegal fees).

91.    WHEREFORE, based on the Defendant's violation of the CFAA, the Plaintiffs seek:

A.    An award of compensatory damages against the Defendant pursuant to 18 U.S.C. § 1030(g);

B.    Injunctive relief in the form of an order:

i.    compelling the Defendant to delete any communications intended for the Plaintiffs and other content obtained through the iCloud Account;

ii.    permanently enjoining the Defendant from impersonating the Plaintiffs and/or her business;

iii.     permanently enjoining the Defendant from accessing Ms. Mackie's

iCloud Account and/or any other account in the future; and,

iv.     permanently enjoining the Defendant from using a third party to

engage in any of the foregoing conduct; and,

C.     Any such other relief to which the Plaintiffs may be entitled or as justice

may require.

## COUNT TWO

### AS AND FOR A SECOND CAUSE OF ACTION

### VIOLATION OF STORED COMMUNICATIONS ACT

### 18 U.S.C. §§ 2701, *et seq.*

92.     The Plaintiffs hereby incorporate by reference Paragraphs 1 through 72 above in this Second Count as though fully set forth herein.

93.     By obtaining unauthorized access to the iCloud Account, the Defendant knowingly and/or intentionally accessed without authorization facilities owned and/or operated by Apple, Inc. through which electronic communication services are provided.

94.     In particular, the Defendant knowingly and/or intentionally accessed without authorization the facilities owned and/or operated by Apple, Inc. providing the electronic communication services known as iCloud.

95.     Alternatively, by obtaining unauthorized access to the iCloud Account, the Defendant knowingly and/or intentionally exceeded his authorized access to Apple, Inc.'s iCloud facilities.

96.     The iCloud Account hosted and stored the Plaintiffs' electronic communications.

97.     The Defendant obtained unauthorized access to the Plaintiffs' electronic communications while they were in electronic storage in Apple, Inc.'s iCloud facilities.

98.     The Defendant acted willfully and/or intentionally.

99.     By engaging in the conduct alleged in this Count Two, the Defendant violated the Stored Communications Act, specifically 18 U.S.C. § 2701(a).

100.    As a direct and proximate result of the Defendant's conduct described in this Count Two and violation of the SCA, the Plaintiffs have suffered and continue to suffer injuries, harm, and damages that include, but are not limited to, violation of their statutory rights, invasion of their privacy, harmed reputation, and the costs and expenses of pursuing their remedies.

101.    The Plaintiffs also have suffered and continue to suffer irreparable injury for which they have no adequate remedy at law.

102.    WHEREFORE, based on the Defendant's violation of the SCA, the Plaintiffs seek:

A.      An award of statutory damages against the Defendant pursuant to 18 U.S.C. § 2707;

B.      An award of punitive damages against the Defendant in an amount to be determined at trial.

C.      An award of their attorney's fees and costs reasonably incurred;

D.      Injunctive relief in the form of an order:

i.      permanently enjoining the Defendant from accessing stored communications of the Plaintiffs from any account;

ii.     permanently enjoining the Defendant from accessing and/or attempting to access Ms. Mackie's electronic mail accounts;

iii.    permanently enjoining the Defendant from using a third party to engage in any of the foregoing conduct;

iv.     compelling the Defendant to permanently erase all electronic and other copies of the Plaintiffs' stored communications the Defendant obtained unlawfully; and,

v.     compelling the Defendant to provide independent confirmation and verification that he has completed (D)(iv) above; and,

E.     Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**COUNT THREE**

**AS AND FOR A THIRD CAUSE OF ACTION**

**VIOLATION OF THE ELECTRONIC COMMUNICATION PRIVACY ACT**

**18 USC §§ 2510, *et seq.***

103.    The Plaintiffs hereby incorporate by reference Paragraphs 1 through 72 above in this Third Count as though fully set forth herein.

104.    By obtaining access to the iCloud Account, the Defendant obtained access to the Plaintiffs' electronic mail accounts.

105.    By obtaining access to the iCloud Account and the Plaintiffs' electronic mail accounts, the Defendant intercepted electronic communications intended for the Plaintiffs at such accounts.

106.    The Defendant intentionally intercepted electronic communications intended for the Plaintiffs.

107.    The Defendant intentionally intercepted electronic communications intended for the Plaintiffs each time he received an electronic communication intended for the Plaintiffs.

108.    The Defendant intentionally intercepted electronic communications intended for the Plaintiffs on many occasions.

109.     In doing so, the Defendant intentionally used an electronic device to acquire the contents of electronic communications intended for the Plaintiffs.

110.     The Defendant intentionally used the intercepted electronic communications intended for the Plaintiffs knowing the electronic communications to have been intercepted.

111.     The Defendant intentionally used the intercepted electronic communications intended for the Plaintiffs to harm them knowing the electronic communications to have been intercepted.

112.     By engaging in the conduct described in this Count Three, the Defendant violated the Electronic Communications Privacy Act, 18 U.S.C. §2510, *et seq*.

113.     The Defendant violated the ECPA on more than one day.

114.     In particular, the Defendant violated the ECPA each day that he intercepted communications intended for the Plaintiffs.

115.     As a direct and proximate result of the Defendant's conduct described in this Count Three and violation of the ECPA, the Plaintiffs have suffered and continue to suffer injuries, harm, and damages including, but not limited to, invasion of their privacy and the costs and expenses of pursuing their remedies.

116.     WHEREFORE, based on the Defendant's violation of the ECPA, the Plaintiffs seek:

A.     An award of the greater of actual or statutory damages provided for pursuant to 18 U.S.C. §2520 (b)(2) and (c)(2);

B.     An award of punitive damages pursuant to 18 U.S.C. §2520 (b)(2);

C.     An award of their attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. §2520 (b)(3);

D.    Injunctive relief in the form of an order:

     i.    permanently enjoining the Defendant from intercepting electronic communications intended for the Plaintiffs;

     ii.    permanently enjoining the Defendant from accessing and/or attempting to access the Plaintiffs' electronic accounts;

     iii.    permanently enjoining the Defendant from using a third party to engage in any of the foregoing conduct;

     iv.    compelling the Defendant to permanently erase all electronic and other copies of the Plaintiffs' communications the Defendants obtained unlawfully; and,

     v.    compelling the Defendant to provide independent confirmation and verification that he has completed (D)(iv) above; and,

E.    Any such other relief to which the Plaintiffs may be entitled or as justice may require.

## COUNT FOUR

### AS AND FOR A FOURTH CAUSE OF ACTION

### VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

### 15 U.S.C. § 1125(d)

117.    The Plaintiffs hereby incorporate by reference Paragraphs 1 through 72 above in this Fourth Count as though fully set forth herein.

118.    The domain inspiredinteriors.com is nearly identical to the domain used by the Plaintiffs for their Inspired Interiors Website, inspiredinterior.com.

119.    The domain inspiredinteriors.com is confusingly similar to the domain used by the Plaintiffs for their Inspired Interiors Website, inspiredinterior.com.

120.     The Defendant does not operate a business named Inspired Interiors.

121.     The Defendant does not have any trademark rights in "Inspired Interiors" or

Inspiredinteriors.com

122.     The Defendant registered inspiredinteriors.com in bad faith.

123.     The Defendant registered inspiredinteriors.com with the intent to divert the

Plaintiffs' customers form the Plaintiffs' legitimate online presence.

124.     The Defendant does not have any bona fide noncommercial or fair use of

inspiredinteriors.com.

125.     The Defendant does not have any bona fide noncommercial or fair use of

"Inspired Interiors."

126.     The Defendant acted willfully and/or intentionally.

127.     By engaging in the conduct described in this Count Four, the Defendant violated

the Anticybersquatting Consumer Protection Act, specifically 15 U.S.C. § 1125(d).

128.     As a direct and proximate result of the Defendant's conduct described in this

Count Four and violation of the ACPA, the Plaintiffs have suffered injuries and damages

resulting therefrom that include, but are not limited to, violation of their statutory rights, loss of

goodwill, loss of business, invasion of their privacy, and harmed reputation.

129.     WHEREFORE, based on the Defendant's violation of the ACPA, the Plaintiffs

seek:

A.     Transfer of the Infringing Domain inspiredinteriors.com to the Plaintiffs;

B.     An award of three times their actual damages or statutory fees up to
       $100,000.00, whichever is greater;

C.     An award of their attorney's fees and costs reasonably incurred; and,

D.    Any such other relief to which the Plaintiffs may be entitled or as justice may require.

## COUNT FIVE

## AS AND FOR A FIFTH CAUSE OF ACTION

## VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

## 815 ILCS 510/1, et seq.

130.    The Plaintiffs hereby incorporate by reference Paragraphs 1 through 72 above in this Fifth Count as though fully set forth herein.

131.    By publishing the False and Defamatory Statements on the Infringing Website, the Defendant intended to impute a meaning that the Plaintiffs lack credibility as an interior design business.

132.    Ms. Mackie does not lack credibility in its interior design business.

133.    Inspired Interiors does not lack credibility in its interior design business.

134.    By publishing the False and Defamatory Statements on the Infringing Website, the Defendant intended to disparage the Plaintiffs' services.

135.    The Defendant published the False and Defamatory Statements concerning the Inspired Interiors to third parties.

136.    The Defendant caused the False and Defamatory Statements to be made on and through the Internet.

137.    The False and Defamatory Statements published on the Infringing Website identify the Plaintiffs' by name.

138.    Persons other than the Plaintiffs and the Defendant would and actually have confused the Infringing Website with the Inspired Interiors Website.

139.    Persons other than the Plaintiffs and the Defendant would and actually have reasonably understood the False and Defamatory Statements published on the Infringing Website related to and were about the Plaintiffs.

140.    The Defendant presented the False and Defamatory Statements published on the Infringing Website as fact.

141.    Persons other than the Plaintiffs and the Defendant would and actually have reasonably understood the False and Defamatory Statements to be factual with regard to the Plaintiffs' services.

142.    The False and Defamatory Statements published on the Infringing Website constituted unprivileged publication of defamatory statements by the Defendant to third parties.

143.    By engaging in the foregoing conduct, the Defendant disparaged the services of the Plaintiffs by false and misleading representations of fact.

144.    The Defendant made the False and Defamatory Statements with actual malice knowing the falsity of the statements.

145.    By engaging in the foregoing conduct, Defendant engaged in a deceptive trade practice.

146.    The Defendant willfully engaged in the foregoing conduct.

147.    The Defendant willfully engaged in a deceptive trade practice.

148.    WHEREFORE, based on the Defendant's violation of the Illinois Deceptive Trade Practices Act, the Plaintiffs seek:

    A.    Injunctive relief in the form of order permanently (i) enjoining the Defendant from publishing the Infringing Website and using the Infringing Domain and (ii) enjoining the Defendant from using a third

party to engage in any of the foregoing conduct;

B.     An award of their attorney's fees and costs reasonably incurred; and,

C.     Any such other relief to which the Plaintiffs may be entitled or as justice may require.

## COUNT SIX

## AS AND FOR A SIXTH CAUSE OF ACTION

## (BY EMILY MACKIE)

## DEFAMATION *PER SE*

149.     Ms. Mackie hereby incorporates by reference Paragraphs 1 through 72 above in this Sixth Count as though fully set forth herein.

150.     The False and Defamatory Statements falsely convey a meaning that Ms. Mackie is a liar.

151.     Ms. Mackie is not a liar.

152.     The False and Defamatory Statements falsely convey a meaning that Ms. Mackie is a cheater.

153.     Ms. Mackie is not a cheater.

154.     The False and Defamatory Statements falsely convey a meaning that Ms. Mackie engaged in adultery.

155.     Ms. Mackie has not engaged in adultery.

156.     The False and Defamatory Statements falsely convey a meaning that Ms. Mackie is professionally dishonest in her capacity as an interior designer.

157.     Ms. Mackie is not professionally dishonest.

158.     The False and Defamatory Statements falsely convey a meaning that Ms. Mackie lacks professional integrity in her employment.

159.     Ms. Mackie does not lack integrity in her employment.

160.     The False and Defamatory Statements prejudice Ms. Mackie in her employment.

161.     The Defendant published the False and Defamatory Statements concerning Ms. Mackie to third parties.

162.     The Defendant caused the False and Defamatory Statements to be made on and through the Internet.

163.     The False and Defamatory Statements identify Ms. Mackie by name.

164.     Arguably, the False and Defamatory Statements identify Ms. Mackie by her place of employment.

165.     Persons other than Ms. Mackie and the Defendant would and actually have reasonably understood the False and Defamatory Statements related to and were about Ms. Mackie.

166.     The Defendant presented the False and Defamatory Statements as fact.

167.     The False and Defamatory Statements constituted unprivileged publication of defamatory statements by the Defendant to third parties.

168.     The Defendant made the False and Defamatory Statements with actual malice knowing the falsity of the statements.

169.     The False and Defamatory Statements constitute defamation *per se* because they falsely accuse Ms. Mackie of adultery; impute a lack of integrity in Ms. Mackie's employment; and, prejudice Ms. Mackie in her employment.

170.     As a result of the Defendant's conduct and the publication of the False and Defamatory Statements, Ms. Mackie suffered and continues to suffer damages including, but not limited to, harmed reputation.

171.    WHEREFORE, Ms. Mackie seeks an award of compensatory and punitive damages arising from the Defendant's *per se* defamation of her.

**COUNT SEVEN**

**AS AND FOR A SEVENTH CAUSE OF ACTION**

**(BY MS. MACKIE)**

**FALSE LIGHT**

172.    Ms. Mackie hereby incorporates by reference Paragraphs 1 through 72 above in this Seventh Count as though fully set forth herein.

173.    The False and Defamatory Statements cast Ms. Mackie in a false light by falsely portraying her as engaging in adultery.

174.    The False and Defamatory Statements cast Ms. Mackie in a false light by falsely portraying her as lacking integrity in her employment.

175.    The False and Defamatory Statements prejudice Ms. Mackie in her employment.

176.    The Defendant published the False and Defamatory Statements on the Internet.

177.    The False and Defamatory Statements identify Ms. Mackie by name.

178.    By publishing the False and Defamatory Statements on the Internet, the Defendant cast the Ms. Mackie in a false light before the public.

179.    The false light in which the Defendant placed Ms. Mackie is highly offensive to a reasonable person.

180.    The Defendant made the False and Defamatory Statements with actual malice, knowing the falsity of the statements.

181.    In the alternative, if the Defendant did not know the false nature of one or more of the False and Defamatory Statements, he made the statements with reckless disregard for whether the statements were true.

182.     As a result of the Defendant's conduct and casting Ms. Mackie in a false light, Ms. Mackie has suffered and continues to suffer damages including, but not limited to, harmed reputation.

183.     WHEREFORE, Ms. Mackie seeks an award of compensatory and punitive damages arising from Defendant's casting her in a false light.

**COUNT EIGHT**

**AS AND FOR AN EIGHTH CAUSE OF ACTION**

**(BY EMILY MACKIE)**

**INTRUSION UPON SECLUSION**

184.     Ms. Mackie hereby incorporates by reference Paragraphs 1 through 72 and above in this Eighth Count as though fully set forth herein.

185.     The Defendant violated federal and Illinois state statutes prohibiting unauthorized interception, reading, and use of electronic communications.

186.     The electronic communications between the Plaintiffs and third parties in the Mackie Email Account were private.

187.     Ms. Mackie considered her electronic communications with third parties in her Mackie Email Account to be private.

188.     The Defendant made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he accessed her iCloud Account without authorization.

189.     The Defendant made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he accessed her private electronic communications with third parties stored in her Mackie Email Account.

190.     The Defendant made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he used her private electronic communications with third parties

stored in her Mackie Email Account.

191.     The Defendant made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he, upon information and belief, disclosed to third parties Ms. Mackie's private electronic communications with third parties stored in her Mackie Email Account.

192.     The Defendant made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he intercepted Ms. Mackie's private electronic communications with third parties stored in her Mackie Email Account.

193.     The Defendant did not have authority to engage in the foregoing conduct described in this Count Eight.

194.     The Defendant's intrusions were unauthorized and unreasonable.

195.     The Defendant's intrusions are offensive to a reasonable person.

196.     The Defendant's intrusions are objectionable to a reasonable person.

197.     The intrusion upon Ms. Mackie's privacy and seclusion caused her to suffer damages and injuries including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of her privacy, and loss of trust.

198.     WHEREFORE, based on the Defendant's intrusion upon her seclusion, Ms. Mackie seeks:

> A.     An award of compensatory damages in an amount to be determined at trial;
>
> B.     An award of punitive damages in an amount to be determined at trial;
>
> C.     Injunctive relief in the form of an order:
>
>> i.     permanently enjoining the Defendant from accessing and/or

attempting to access Ms. Mackie's iCloud Account;

  ii. permanently enjoining the Defendant from accessing and/or attempting to access any of Ms. Mackie's electronic accounts;

  iii. permanently enjoining the Defendant from unlawfully intercepting and/or accessing any of Ms. Mackie's private electronic communications;

  iv. permanently enjoining the Defendant from using and/or attempting to use any of the Plaintiff's private electronic communications obtained unlawfully;

  v. permanently enjoining the Defendant from disclosing to third parties and/or attempting to disclose to third parties any of the Plaintiff's private electronic communications obtained unlawfully;

  vi. permanently enjoining the Defendant from using a third party to engage in any of the foregoing conduct;

  vii. compelling the Defendant to permanently erase all electronic and other copies of Ms. Mackie's private electronic communications obtained unlawfully; and,

  viii. compelling the Defendant to provide independent confirmation and verification that he has completed (D)(iv) above; and,

 D. Any such other relief to which Ms. Mackie may be entitled or as justice may require.

## COUNT NINE

## AS AND FOR AN NINTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

199.    The Plaintiffs hereby incorporate by reference Paragraphs 1 through 72 and above in this Ninth Count as though fully set forth herein.

200.    The Plaintiffs held a reasonable expectancy of entering into and continuing valid business relationships with consumers and prospective customers who would find the Plaintiffs' business through the Internet.

201.    The Defendant knew of the Plaintiffs' expectancy of entering into and continuing valid business relationships with consumers and prospective customers who would find the Plaintiffs' business through the Internet.

202.    The Defendant expressly directed consumers and prospective customers away from the Plaintiffs by purchasing the Infringing Domain, creating the Infringing Website, and posting false information about the Plaintiffs on the Infringing Website.

203.    The Defendant created the Infringing Website with the reasonable expectation that consumers and prospective customers would visit the Infringing Website rather than the Inspired Interiors Website.

204.    The Defendant posted the False and Defamatory Statements with the reasonable expectation that consumers and prospective clients would choose not to use the Plaintiffs' services based on the False and Defamatory Statements he published on the Infringing Website.

205.    The Defendant acted with the intent to tortiously interfere with the Plaintiffs' prospective business relations by engaging in the foregoing conduct described in this Count Nine.

206.    The purchase of the Infringing Domain, the creation of the Infringing Website, and the publication of the False and Defamatory Statements constitute an intentional and unjustifiable interference with the Plaintiffs' prospective customers.

207.    The Defendant's purposeful and intentional interference with the Plaintiffs' prospective customers and prospective business relations prevented the Plaintiffs' legitimate expectancies from developing into valid business relationships.

208.    As a result of the Defendant's tortious interference with their prospective business relations, the Plaintiffs have suffered damages including, but not limited to, loss of prospective business, revenue, and income.

209.    WHEREFORE, based on the Defendant's tortious interference with prospective business relations, the Plaintiffs seek recovery of compensatory and punitive damages.

**COUNT TEN**

**AS AND FOR A TENTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

210.    The Plaintiffs hereby incorporate by reference Paragraphs 1 through 209 in this Tenth Count as though fully set forth herein.

211.    The Plaintiffs have suffered and will continue to suffer irreparable harm if this Court does not enjoin the Defendant from continuing to engage in his Wrongful Conduct because their profession, business, and livelihood will be disrupted.

212.    The Plaintiffs will suffer irreparable harm in the absence of injunctive relief.

213.    In contrast, the Defendant will suffer no harm because he has no legal right to engage in the conduct about which the Plaintiffs complains of herein.

214.    The Plaintiffs can clearly demonstrate some likelihood of success on the merits of their claims.

215. Mere compensation at law can only provide the Plaintiffs with compensation for injuries up to the present.

216. It remains difficult if not impossible to calculate the damages arising from the Defendant's Wrongful Conduct.

217. The Plaintiffs therefore have an inadequate remedy at law.

218. The public interest will not be harmed if an injunction is granted.

219. WHEREFORE, the Plaintiffs seeks a preliminary and permanent injunction:

A. Enjoining the Defendant from accessing Ms. Mackie's iCloud Account;

B. Enjoining the Defendant from accessing the Mackie Email Account;

C. Enjoining the Defendant from accessing Ms. Mackie's Google Drive;

D. Enjoining the Defendant from accessing any additional accounts belonging to and/or used by the Plaintiffs;

E. Enjoining the Defendant from accessing stored communications of the Plaintiffs from any account;

F. Enjoining the Defendant from accessing attempting to engage in any of the enjoined conduct;

G. Enjoining the Defendant from using a third party to engage in any of the foregoing conduct;

H. Compelling the Defendant to permanently erase all electronic and other copies of Ms. Mackie's stored communications the Defendant obtained unlawfully;

I. Compelling the Defendant to (i) make all reasonable efforts to remove all cached information relating to any content he published on the Internet about the Plaintiffs appearing on any search engines and (ii) cooperate with third

party efforts to remove all cached information relating to any content he published on the Internet about the Plaintiffs appearing on any search engines;

J.    Compelling the Defendant to provide independent confirmation and verification that he has completed (H) and (I) above; and,

K.    Compelling the Defendant to engage in any such further conduct necessary to effectuate the foregoing relief.

**GENERAL**

220.    Where conditions precedent are alleged, the Plaintiffs aver that all conditions precedent have been performed or have occurred.

221.    The Plaintiffs demand a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. accordingly and respectfully pray for judgment against DEFENDANT MASON AWTRY as follows:

1.      That PLAINTIFFS be awarded statutory damages;

2.      That PLAINTIFFS be awarded compensatory damages in an amount to be determined at trial;

3.      That PLAINTIFFS be awarded punitive damages in an amount to be determined at trial;

4.      That PLAINTIFFS be awarded attorney's fees and costs;

5.      That PLAINTIFFS be awarded the injunctive relief sought; and,

6.      That PLAINTIFFS be awarded any such other and further relief as this Court may deem just and proper or to which he may be entitled as a matter of law or equity.


Dated: Chicago, Illinois                    PLAINTIFFS,
        December 16, 2014                    EMILY MACKIE and
                                             INSPIRED INTERIORS, INC.

                                             /s/Meghan K. Nugent
                                             By: One of Their Attorneys
                                             Meghan K. Nugent
                                             MUDD LAW OFFICES
                                             3114 West Irving Park Road
                                             Suite 1W
                                             Chicago, Illinois 60618
                                             773.588.5410 (Phone)
                                             773.588.5440 (Facsimile)
                                             Illinois ARDC: 6313620
                                             mkn@muddlaw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| EMILY MACKIE, an individual, and | ) | |
| INSPIRED INTERIORS, INC., an | ) | |
| Illinois Corporation, | ) | |
| | ) | COMPLAINT |
|       Plaintiffs, | ) | |
| | ) | |
|         v. | ) | |
| | ) | Civil Action No.: 1:14-cv-09206 |
| MASON AWTRY, an individual, | ) | |
| | ) | |
|       Defendant. | ) | JURY DEMAND |

**JURY DEMAND**

The Plaintiffs demand a trial by jury.

                    /s/Meghan K. Nugent
                    Meghan K. Nugent