**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EMILY MACKIE and<br>INSPIRED INTERIORS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MASON AWTRY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>Case No. 14-cv-09206<br><br>Judge Andrea R. Wood<br><br>JURY DEMAND |

**DEFENDANT MASON AWTRY'S**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Mason Awtry ("Defendant"), by and through the undersigned attorneys, hereby answers the Second Amended Complaint ("Second Amended Complaint") of Plaintiffs Emily Mackie ("Mackie") and Inspired Interiors, Inc. (collectively "Plaintiffs") as follows:

1. This is an action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), Stored Communications Act, 18 U.S.C. §§ 2701, et seq. ("SCA"), Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 ("ECPA"), Lanham Act, 15 U.S.C. § 1125(a); Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), and the Illinois Deceptive Trade Practices Act 815 ILCS § 510, et al., ("DTPA"); defamation per se; false light; intrusion upon seclusion; and tortious interference with business relations, all arising from conduct engaged in by the Defendants to harm the Plaintiffs.

**ANSWER: Defendant admits only that Plaintiffs filed this lawsuit for the causes of action alleged in Paragraph 1. Defendant denies the remaining allegations in Paragraph 1.**

2. By this action, the Plaintiffs seek statutory damages, compensatory damages, punitive damages, attorney's fees and costs, injunctive relief, and all other relief to which they may be entitled and as deemed appropriate by this Court.

**ANSWER: Defendant admits only that Plaintiffs seek the remedies identified in Paragraph 2. Defendant denies Plaintiffs are entitled to any of the requested relief.**

## PARTIES

3. EMILY MACKIE ("Ms. Mackie") is a citizen of the State of Illinois and a resident of Cook County, Illinois.

**ANSWER: Defendant admits the allegations in Paragraph 3.**

4. INSPIRED INTERIORS, INC. ("Inspired Interiors") is a business incorporated in the State of Illinois with its principle place of business in Cook County, Illinois.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the allegations in Paragraph 4.**

5. MASON AWTRY is a citizen of the State of Illinois and a resident of Cook County, Illinois.

**ANSWER: Defendant admits the allegations in Paragraph 5.**

6. MICHAEL MAYES is a citizen of the State of Illinois and a resident of Cook County, Illinois.

**ANSWER: Defendant Michael Mayes has been dismissed from this lawsuit.**

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of the Plaintiffs' federal statutory claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the subject matter of the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER: Defendant admits the allegations in Paragraph 7.**

8. This Court may exercise personal jurisdiction over each of the Defendants because they are citizens and residents of Illinois.

**ANSWER: Defendant admits the allegations in Paragraph 8, but states further that Michael Mayes has been dismissed from this lawsuit.**

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district. Further, the Defendants directed their conduct toward the Plaintiffs in this district.

**ANSWER: Defendant admits only that venue in this district is proper pursuant to 28 U.S.C. § 1391 because the Defendant resides in this district. Defendant denies the remaining allegation in Paragraph 9.**

10. The Defendants have engaged in intentional conduct with actual malice that has harmed the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 10.**

11. The Plaintiffs have been injured by the Defendants' conduct and have suffered damages resulting therefrom.

**ANSWER: Defendant denies the allegations in Paragraph 11.**

## FACTUAL BACKGROUND

12. This action involves the Defendants' efforts to defame, discredit, disparage, and damage the Plaintiffs' reputation and thereby cause them to suffer harm.

**ANSWER: Defendant denies the allegations in Paragraph 12.**

### Background of Parties

13. Ms. Mackie is an interior designer in the Chicago area.

**ANSWER: Defendant admits the allegations in Paragraph 13.**

14. Ms. Mackie owns Inspired Interiors, an interior design firm in Chicago.

**ANSWER: Defendant admits the allegations in Paragraph 14.**

15. Defendant Awtry is an individual with whom Ms. Mackie once had a personal relationship.

**ANSWER: Defendant admits the allegations in Paragraph 15.**

16. Defendant Mayes is an associate of Defendant Awtry.

**ANSWER: Defendant denies the allegations in Paragraph 16.**

### Publication of Inspiredinteriors.com

17. Inspired Interiors operates a website in relation to its interior design business at the domain name inspiredinterior.com ("Inspired Interiors Website").

**<u>ANSWER</u>: Defendant admits the allegations in Paragraph 17.**

18. When Ms. Mackie sought to obtain a domain name for her business, she wanted the domain name inspiredinteriors.com.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 18.**

19. However, at the time she sought the domain name for her business, a third party owned it.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the allegations in Paragraph 19.**

20. Since 2003, Ms. Mackie checked nearly every year to review the status of the domain name inspiredinteriors.com.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the allegations in Paragraph 20.**

21. Each time Ms. Mackie checked the status of the domain name inspiredinteriors.com, the domain name remained owned by a third party and available for sale at a price of between $5,000.00 and $10,000.00.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the allegations in Paragraph 21.**

22. Based on the high price of the domain name inspiredinteriors.com, Ms. Mackie did not purchase domain name inspiredinteriors.com.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies the allegations in Paragraph 22.**

23. Instead, Ms. Mackie purchased the domain name inspiredinterior.com.

**<u>ANSWER</u>: Defendant admits the allegations in Paragraph 23.**

24. However, Ms. Mackie discussed purchasing the domain name inspiredinteriors.com with Defendant Awtry. As such, Defendant Awtry knew of Ms. Mackie's interest and desire to own and use the domain name inspiredinteriors.com.

**<u>ANSWER</u>: Defendant admits Mackie discussed with him purchasing the domain name inspiredinteriors.com. Defendant denies the remaining allegations in Paragraph 24.**

25. On or about October 14, 2014, Ms. Mackie received a voicemail from a former employee advising her that he believed the Inspired Interiors Website had been hacked.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the allegations in Paragraph 25.**

26. Also, on October 14, 2014, a Chicago area real estate agent, and prospective Inspired Interiors partner, advised Ms. Mackie that she had attempted to visit the Inspired Interiors Website but instead found a different website.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the allegations in Paragraph 26.**

27. Upon investigation, Ms. Mackie discovered a website now existed at the domain name inspiredinteriors.com.

**<u>ANSWER</u>: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the allegations in Paragraph 27.**

28. Defendant Awtry, through Defendant Mayes, purchased the domain name inspiredinteriors.com ("Infringing Domain").

**<u>ANSWER</u>: Defendant Awtry admits that he instructed a third party to purchase the domain name IspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 28.**

29. Knowing Ms. Mackie's interest and desire to own the Infringing Domain, the Defendants purchased the Infringing Domain.

**ANSWER: Defendant denies the allegations in Paragraph 29.**

30. The Defendants purchased the Infringing Domain to be confusingly similar to the domain name used by the Plaintiffs' for their Inspired Interiors Website.

**ANSWER: Defendant denies the allegations in Paragraph 30.**

31. By using the Infringing Domain, the website found at that domain name infringes the Plaintiffs' trademark "Inspired Interiors" and their domain name inspiredinterior.com ("Infringing Website").

**ANSWER: Defendant denies the allegations in Paragraph 31.**

32. The Infringing Website displayed a picture of Ms. Mackie obtained directly from the Inspired Interiors Website.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the allegations in Paragraph 32.**

33. The content at the Infringing Website advised visitors it would reveal the truth about Ms. Mackie.

**ANSWER: Defendant admits that InspiredInteriors.com stated it would reveal the truth about Ms. Mackie. Defendant denies the remaining allegation in Paragraph 33.**

34. The content at the Infringing Website stated "Find Out The Truth About Emily Mackie…liar, cheater…" ("False and Defamatory Statement").

**ANSWER: Defendant admits that InspiredInteriors.com stated "Find Out The Truth About Emily Mackie…liar, cheater…" Defendant denies the remaining allegation in Paragraph 34.**

35. The content at the Infringing Website falsely described Ms. Mackie as a liar.

**ANSWER: Defendant denies the allegations in Paragraph 35.**

36. The content at the Infringing Website falsely described Ms. Mackie as a cheater.

**ANSWER: Defendant denies the allegations in Paragraph 36.**

37. The content at the Infringing Website also stated that Ms. Mackie is adulterous ("False Light Statement").

**ANSWER: Defendant admits that InspiredInteriors.com stated Mackie is adulterous. Defendant denies the remaining allegation in Paragraph 37.**

38. The Defendants posted the foregoing False and Defamatory Statement and the False Light Statement to the Infringing Website.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 38.**

39. The Defendants, thereafter, altered the content on the Infringing Website to inform visitors that there was "a major update coming soon."

**ANSWER: Defendants denies the allegation in Paragraph 39.**

40. The content on the Infringing Website also informed visitors to "get ready It's coming."

**ANSWER: Defendant admits that InspiredInteriors.com stated "get ready It's coming." Defendant denies the remaining allegation in Paragraph 40.**

41. The Defendants purchased the domain name inspiredinteriors.com knowing Ms. Mackie's desire to obtain the domain.

**ANSWER: Defendant denies the allegations in Paragraph 41.**

42. The Defendants purchased the Infringing Domain to harm each of the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 42.**

43. The Defendants created the Infringing Website and the content found thereon to harm each of the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 43.**

44. By engaging in this conduct, the Defendants intended to divert business away from the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 44.**

**Unauthorized Access to iCloud**

45. After learning about the Infringing Website, Ms. Mackie reviewed the WHOIS information associated with the Infringing Domain.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies the allegations in Paragraph 45.**

46. The WHOIS information for the Infringing Domain contained a street address "432 Truth Street."

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies the allegations in Paragraph 46.**

47. The street address appeared to be fake. Upon further reflection, Ms. Mackie realized that the street number had recently been in Ms. Mackie's calendar.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies the allegations in Paragraph 47.**

48. Upon seeing the similarity in street numbers, Ms. Mackie became concerned that someone obtained access to her personal and professional calendar and other private information.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies the allegations in Paragraph 48.**

49. Upon investigation, Ms. Mackie learned that an unknown iPad Mini had "synced" with information from her iPad through her Apple iCloud Account ("iCloud Account").

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies the allegations in Paragraph 49.**

50. Ms. Mackie did not authorize anyone to access her private iCloud Account.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies the allegations in Paragraph 50.**

51. Ms. Mackie did not provide anyone with the password to her iCloud Account.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies the allegations in Paragraph 51.**

52. Ms. Mackie did not provide anyone with authorization to access her private iCloud Account, sync with her private iCloud Account, sync with her devices, or obtain her information.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies the allegations in Paragraph 52.**

53. Defendant Awtry gained unauthorized access to Ms. Mackie's iCloud Account.

**ANSWER: Defendant denies the allegations in Paragraph 53.**

54. By gaining unauthorized access to Ms. Mackie's iCloud Account, Defendant Awtry obtained access to Ms. Mackie's personal and professional email account hosted by Google, Inc. ("Mackie Email Account").

**ANSWER: Defendant denies the allegations in Paragraph 54.**

55. Upon obtaining access to the Mackie Email Account, Defendant Awtry obtained access to Ms. Mackie's stored electronic communications.

**ANSWER: Defendant denies the allegations in Paragraph 55.**

56. The stored electronic communications in the Mackie Email Account constitute private communications.

**ANSWER: Defendant denies the allegations in Paragraph 56.**

57. Defendant Awtry did not possess authorization to access the stored private communications in the Mackie Email Account.

**ANSWER: Defendant admits he did not possess authorization to access the Mackie Email Account at the time of the allegations in the Second Amended Complaint.**

58. Defendant Awtry read one or more of the stored private communications in the Mackie Email Account.

**ANSWER: Defendant denies the allegations in Paragraph 58.**

59. Defendant Awtry did not possess authorization to read the stored private communications in the Mackie Email Account.

**ANSWER: Defendant admits he did not possess authorization to read the Mackie Email Account at the time of the allegations in the Second Amended Complaint.**

60. Upon information and belief, Defendant Awtry used the private communications found in the Mackie Email Account to harm Ms. Mackie.

**ANSWER: Defendant denies the allegations in Paragraph 60.**

61. By gaining unauthorized access to Ms. Mackie's iCloud Account, Defendant Awtry also obtained access to Ms. Mackie's Google Drive Account ("Google Drive").

**ANSWER: Defendant denies the allegations in Paragraph 61.**

62. Ms. Mackie's Google Drive contained a large amount of both personal and professional information including, but not limited to, the Plaintiffs' calendar(s), customers, and the names and contact information for the Plaintiffs' prospective customers.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies the allegations in Paragraph 62.**

63. Defendant Awtry did not possess authorization to access Ms. Mackie's Google Drive.

**ANSWER: Defendant admits the allegations in Paragraph 63.**

64. Defendant Awtry obtained unauthorized access to Ms. Mackie's Google Drive.

**ANSWER: Defendant denies the allegations in Paragraph 64.**

65. Upon obtaining access to the Google Drive, Defendant Awtry gained access to the Plaintiffs' personal and professional information including, but not limited to, the Plaintiffs' calendar(s), customers and contacts.

**ANSWER: Defendant denies the allegations in Paragraph 65.**

66. Upon obtaining access to the Google Drive, Defendant Awtry gained access to the names and contact information for the Plaintiffs' prospective customers.

**ANSWER: Defendant denies the allegations in Paragraph 66.**

67. Defendant Awtry did not possess authorization to access the information contained within Ms. Mackie's Google Drive.

**ANSWER: Defendant admits the allegations in Paragraph 67.**

68. Defendant Awtry obtained unauthorized access the information contained within Ms. Mackie's Google Drive.

**ANSWER: Defendant denies the allegations in Paragraph 68.**

69. Defendant Awtry gained unauthorized access to the Google Drive and the content accessible therein with the intent to harm the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 69.**

70. The foregoing conduct engaged in by Defendant Awtry shall hereinafter be called the "Wrongful Conduct."

**ANSWER: The phrase "foregoing conduct" is vague and undefined. Defendant denies the allegations in Paragraph 70.**

**Public Perception**

71. Since the publication of the False and Defamatory Statement and the False Light Statement, any individual reading the statements might believe that the Plaintiffs lack integrity in their employment and profession.

**ANSWER: Defendant denies the allegations in Paragraph 71.**

72. Since the publication of False and Defamatory Statement and the False Light Statement, any individual reading the statements might be prejudiced against the Plaintiffs in their profession.

**ANSWER: Defendant denies the allegations in Paragraph 72.**

73. At least one prospective client has declined the Plaintiffs' services based on the False and Defamatory Statement and the False Light Statement.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, denies the allegations in Paragraph 73.**

74. The Defendants acted with intent and actual malice because they intended to harm the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 74.**

75. The Plaintiffs have suffered, and continue to suffer, harm arising from the Defendants' Wrongful Conduct.

**ANSWER: Defendant denies the allegations in Paragraph 75.**

**CLAIMS FOR RELIEF**
**COUNT ONE**
**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT**
**18 U.S.C. § 1030**
**(Against Defendant Awtry)**

76. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 above in this First Court as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of the Second Amended Complaint.**

77. Defendant Awtry knowingly and intentionally gained access to Ms. Mackie's iCloud Account using Ms. Mackie's private log-in information.

**ANSWER: Defendant denies the allegations in Paragraph 77.**

78. Defendant Awtry knowingly and intentionally gained access to Ms. Mackie's iCloud Account without the Plaintiff's authorization.

**ANSWER: Defendant denies the allegations in Paragraph 78.**

79. Ms. Mackie did not authorize Defendant Awtry to access her iCloud Account.

**ANSWER: Defendant admits the allegations in Paragraph 79.**

80. By accessing Ms. Mackie's iCloud Account, Defendant Awtry engaged in fraud.

**ANSWER: Defendant denies the allegations in Paragraph 80.**

81. By gaining access to Ms. Mackie's iCloud Account, Defendant Awtry obtained access to computers and servers hosted by Apple, Inc. ("Apple").

**ANSWER: Defendant denies the allegations in Paragraph 81.**

82. The computers and servers hosted by Apple are used in and affect interstate commerce.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies the allegations in Paragraph 82.**

83. The computers and servers hosted by Apple constitute protected computers.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies the allegations in Paragraph 83.**

84. Defendant Awtry obtained unauthorized access to or exceeded his authorized access to the Apple protected computers when he gained access to Ms. Mackie's iCloud Account.

**ANSWER: Defendant denies the allegations in Paragraph 84.**

85. Defendant Awtry knowingly and with intent to commit fraud obtained unauthorized access to or exceeded his authorized access to the Apple protected computers when he gained access to Ms. Mackie's iCloud Account.

**ANSWER: Defendant denies the allegations in Paragraph 85.**

86. In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, Defendant Awtry obtained value in the harassment he caused the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 86.**

87. In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, Defendant Awtry obtained value in harming the Plaintiffs' reputations.

**ANSWER: Defendant denies the allegations in Paragraph 87.**

88. In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, Defendant Awtry obtained value in obtaining any communications intended for the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 88.**

89. In obtaining unauthorized access or exceeding his authorized access to the Apple protected computers for purposes of obtaining access to Ms. Mackie's personal iCloud Account and the information contained therein, Defendant Awtry obtained other value not yet determined by the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 89.**

90. Every time Defendant Awtry obtained access to Ms. Mackie's iCloud Account, any information contained therein, or any accounts associated therewith, he furthered his fraud.

**ANSWER: Defendant denies the allegations in Paragraph 90.**

91. Defendant Awtry intended to harm Ms. Mackie and Inspired Interiors personally by engaging in the conduct described in this Count One.

**ANSWER: Defendant denies the allegations in Paragraph 91.**

92. In responding to Defendant Awtry's actions, the Plaintiffs' expended monies on information technology professionals to investigate the conduct, block future access and further protect her accounts.

**ANSWER: Defendant denies the allegations in Paragraph 92.**

93. By engaging in the conduct alleged in this Count One, Defendant Awtry violated the Computer Fraud and Abuse Act ("CFAA"), particularly 18 USC § 1030(a)(4).

**ANSWER: Defendant denies the allegations in Paragraph 93.**

94. As a direct and proximate result of Defendant Awtry's conduct described in this Count One and violation of the CFAA, the Plaintiffs have suffered losses aggregating in more than $5,000 including, but not limited to, the costs of responding to the foregoing violations of the Plaintiffs' rights in the form of information technology costs and attorney's fees.

**ANSWER: Defendant denies the allegations in Paragraph 94.**

95. WHEREFORE, based on Defendant Awtry's violation of the CFAA by the Defendant, the Plaintiffs seek:

A. An award of compensatory damages against Defendant Awtry pursuant to 18 U.S.C. § 1030(g);

B. Injunctive relief in the form of an order:

i. compelling Defendant Awtry to delete any communications intended for the Plaintiffs and other content obtained through the iCloud Account;

ii. permanently enjoining Defendant Awtry from impersonating the Plaintiffs and/or their business;

iii. permanently enjoining Defendant Awtry from accessing Ms. Mackie's iCloud Account and/or any other account in the future; and

iv. permanently enjoining Defendant Awtry from using a third party to engage in any of the foregoing conduct; and,

C. Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT TWO**
**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF STORED COMMUNICATIONS ACT**
**18 U.S.C. §§ 2701, et seq.**
**(Against Defendant Awtry)**

96. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 above in this Second Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

97. By obtaining unauthorized access to the iCloud Account, Defendant Awtry knowingly and/or intentionally accessed without authorization facilities owned and/or operated by Apple through which electronic communication services are provided.

**ANSWER: Defendant denies the allegations in Paragraph 97.**

98. In particular, Defendant Awtry knowingly and/or intentionally accessed without authorization the facilities owned and/or operated by Apple providing the electronic communication services known as iCloud.

**ANSWER: Defendant denies the allegations in Paragraph 98.**

99. Alternatively, by obtaining unauthorized access to the iCloud Account, Defendant Awtry knowingly and/or intentionally exceeded his authorized access to Apple's iCloud facilities.

**ANSWER: Defendant denies the allegations in Paragraph 99.**

100. The iCloud Account hosted and stored the Plaintiffs' electronic communications.

**ANSWER: Defendant lack lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies the allegations in Paragraph 100.**

101. Defendant Awtry obtained unauthorized access to the Plaintiffs' electronic communications while they were in electronic storage in Apple's iCloud facilities.

**ANSWER: Defendant denies the allegations in Paragraph 101.**

102. Defendant Awtry acted willfully and/or intentionally.

**ANSWER: Defendant denies the allegations in Paragraph 102.**

103. By engaging in the conduct alleged in this Count Two, Defendant Awtry violated the Stored Communications Act ("SCA"), specifically 18 U.S.C. § 2701(a).

**ANSWER: Defendant denies the allegations in Paragraph 103.**

104. As a direct and proximate result of Defendant Awtry's conduct described in this Count Two and violation of the SCA, the Plaintiffs have suffered and continue to suffer injuries, harm,

and damages that include, but are not limited to, violation of their statutory rights, invasion of their privacy, harmed reputation, and the costs and expenses of pursuing their remedies.

**ANSWER: Defendant denies the allegations in Paragraph 104.**

105. The Plaintiffs also have suffered and continue to suffer irreparable injury for which they have no adequate remedy at law.

**ANSWER: Defendant denies the allegations in Paragraph 105.**

106. WHEREFORE, based on Defendant Awtry's violation of the SCA, the Plaintiffs seek:

A. An award of statutory damages against Defendant Awtry pursuant to 18 U.S.C. § 2707;

B. An award of punitive damages against Defendant Awtry in an amount to be determined at
trial.

C. An award of their attorney's fees and costs reasonably incurred;

D. Injunctive relief in the form of an order:

i. permanently enjoining Defendant Awtry from accessing stored communications of the Plaintiffs from any account;

ii. permanently enjoining Defendant Awtry from accessing and/or attempting to access Ms. Mackie's electronic mail accounts;

iii. permanently enjoining Defendant Awtry from using a third party to engage in any of the foregoing conduct;

iv. compelling Defendant Awtry to permanently erase all electronic and other copies of the Plaintiffs' stored communications Defendant Awtry obtained unlawfully; and,

v. compelling Defendant Awtry to provide independent confirmation and verification that he has completed (D)(iv) above; and,

E. Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT THREE**
**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF THE ELECTRONIC COMMUNICATION PRIVACY ACT**
**18 USC §§ 2510, et seq.**
**(Against Defendant Awtry)**

107. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 above in this Third Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

108. By obtaining access to the iCloud Account, Defendant Awtry obtained access to the Plaintiffs' electronic mail accounts.

**ANSWER: Defendant denies the allegations in Paragraph 108.**

109. By obtaining access to the iCloud Account and the Plaintiffs' electronic mail accounts, Defendant Awtry intercepted electronic communications intended for the Plaintiffs at such accounts.

**ANSWER: Defendant denies the allegations in Paragraph 109.**

110. Defendant Awtry intentionally intercepted electronic communications intended for the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 110.**

111. Defendant Awtry intentionally intercepted electronic communications intended for the Plaintiffs each time he received an electronic communication intended for the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 111.**

112. Defendant Awtry intentionally intercepted electronic communications intended for the Plaintiffs on many occasions.

**ANSWER: Defendant denies the allegations in Paragraph 112.**

113. In doing so, Defendant Awtry intentionally used an electronic device to acquire the contents of electronic communications intended for the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 113.**

114. Defendant Awtry intentionally used the intercepted electronic communications intended for the Plaintiffs knowing the electronic communications to have been intercepted.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 114.**

115. Defendant Awtry intentionally used the intercepted electronic communications intended for the Plaintiffs to harm them knowing the electronic communications to have been intercepted.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 115.**

116. By engaging in the conduct described in this Count Three, Defendant Awtry violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510, et seq.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 116.**

117. Defendant Awtry violated the ECPA on more than one day.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 117.**

118. In particular, Defendant Awtry violated the ECPA each day that he intercepted communications intended for the Plaintiffs.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 118.**

119. As a direct and proximate result of Defendant Awtry's conduct described in this Count Three and violation of the ECPA, the Plaintiffs have suffered and continue to suffer injuries, harm, and damages including, but not limited to, invasion of their privacy and the costs and expenses of pursuing their remedies.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 119.**

120. WHEREFORE, based on Defendant Awtry's violation of the ECPA, the Plaintiffs seek:

A. An award of the greater of actual or statutory damages provided for pursuant to 18 U.S.C. § 2520 (b)(2) and (c)(2);

B. An award of punitive damages pursuant to 18 U.S.C. § 2520 (b)(2); Case: 1:14-cv-09206 Document #: 31 Filed: 04/07/15 Page 15 of 34 PageID #:379
16

C. An award of their attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. § 2520 (b)(3);

D. Injunctive relief in the form of an order:

i. permanently enjoining Defendant Awtry from intercepting electronic communications intended for the Plaintiffs;

ii. permanently enjoining Defendant Awtry from accessing and/or attempting to access the Plaintiffs' electronic accounts;

iii. permanently enjoining Defendant Awtry from using a third party to engage in any of the foregoing conduct;

iv. compelling Defendant Awtry to permanently erase all electronic and other copies of the Plaintiffs' communications Defendant Awtry obtained unlawfully; and,

v. compelling Defendant Awtry to provide independent confirmation and verification that he has completed (D)(iv) above; and,

E. Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT FOUR**
**AS AND FOR A FOURTH CAUSE OF ACTION**
**VIOLATION OF LANHAM ACT**
**15 U.S.C § 1125(a)**
**(Against All Defendants)**

121. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 in this Fourth Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

122. Consumers identify the name Inspired Interiors with the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 122.**

123. Consumers identify the name Inspired Interiors with an upscale interior design service.

**ANSWER: Defendant denies the allegations in Paragraph 123.**

124. Two separate individuals told Ms. Mackie they believed the Infringing Website at the domain name inspiredinteriors.com to be the website associated with the Plaintiffs.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies the allegations in Paragraph 124.**

125. The Defendants purchased the Infringing Domain because it was identical to the Inspired Interiors mark.

**ANSWER: Defendant denies the allegations in Paragraph 125.**

126. The Defendants purchased the Infringing Domain in order to create confusion between the Plaintiffs and the content found at the domain inspiredinteriors.com.

**ANSWER: Defendant denies the allegations in Paragraph 126.**

127. The Defendants placed the False and Defamatory Statement and the False Light Statement on the website at the Infringing Website with the intent that consumers would associate the content with the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 127.**

128. The Defendants do not have any bona fide noncommercial use or fair use for the mark Inspired Interiors.

**ANSWER: Defendant denies the allegations in Paragraph 128.**

129. The Defendants did not innocently use the mark Inspired Interiors.

**ANSWER: Defendant denies the allegations in Paragraph 129.**

130. There is a likelihood of confusion between the Inspired Interiors mark and the Infringing Domain.

**ANSWER: Defendant denies the allegations in Paragraph 130.**

131. The Defendants' wrongful use of the mark Inspired Interiors was willful.

**ANSWER: Defendant denies the allegations in Paragraph 131.**

132. By engaging in the conduct described in this Count Four, the Defendants violated the Lanham Act, specifically 15 U.S.C. § 1125(a).

**ANSWER: Defendant denies the allegations in Paragraph 132.**

133. As a direct and proximate result of the Defendants' conduct described in this Count Four and violation of the Lanham Act, the Plaintiffs have suffered injuries and damages resulting therefrom that include, but are not limited to, violation of their statutory rights, loss of goodwill, loss of business, invasion of their privacy, and harmed reputation.

**ANSWER: Defendant denies the allegations in Paragraph 133.**

134. WHEREFORE, based on the Defendants' violation of the Lanham Act, particularly 15 U.S.C § 1125(a), the Plaintiffs seek:

A. An award of three times their actual damages;

B. An award of their attorney's fees and costs reasonably incurred; and,

C. Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT FIVE**
**AS AND FOR A FIFTH CAUSE OF ACTION**
**VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT**
**15 U.S.C. § 1125(d)**
**(Against All Defendants)**

135. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 above in this Fifth Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

136. The Infringing Domain is nearly identical to the domain name used by the Plaintiffs for their Inspired Interiors Website, inspiredinterior.com.

**ANSWER: Defendant denies the allegations in Paragraph 136.**

137. The Infringing Domain is confusingly similar to the domain name used by the Plaintiffs for their Inspired Interiors Website, inspiredinterior.com.

**ANSWER: Defendant denies the allegations in Paragraph 137.**

138. The Plaintiffs' business name Inspired Interiors is distinctive.

**ANSWER: Defendant denies the allegation in Paragraph 138.**

139. The Defendants do not operate a business named Inspired Interiors.

**ANSWER: Defendant admits the allegations in Paragraph 139.**

140. The Defendants do not have any trademark rights in "Inspired Interiors" or Inspiredinteriors.com

**ANSWER: Defendant admits the allegations in Paragraph 140.**

141. The Defendants registered the Infringing Domain in bad faith.

**ANSWER: Defendant denies the allegations in Paragraph 141.**

142. The Defendants registered the Infringing Domain with the intent to divert the Plaintiffs' customers from the Plaintiffs' legitimate online presence.

**ANSWER: Defendant denies the allegations in Paragraph 142.**

143. The Defendants do not have any bona fide noncommercial use or fair use of inspiredinteriors.com.

**ANSWER: Defendant denies the allegations in Paragraph 143.**

144. The Defendants do not have any bona fide noncommercial use or fair use of "Inspired Interiors."

**ANSWER: Defendant denies the allegations in Paragraph 144.**

145. The Defendants acted willfully and/or intentionally.

**ANSWER: Defendant denies the allegations in Paragraph 145.**

146. By engaging in the conduct described in this Count Five, the Defendants violated the Anticybersquatting Consumer Protection Act, specifically 15 U.S.C. § 1125(d).

**ANSWER: Defendant denies the allegations in Paragraph 146.**

147. As a direct and proximate result of the Defendants' conduct described in this Count Five and violation of the ACPA, the Plaintiffs have suffered injuries and damages resulting therefrom that include, but are not limited to, violation of their statutory rights, loss of goodwill, loss of business, invasion of their privacy, and harmed reputation.

**ANSWER: Defendant denies the allegations in Paragraph 147.**

148. WHEREFORE, based on the Defendants' violation of the ACPA, the Plaintiffs seek:

A. Transfer of the Infringing Domain inspiredinteriors.com to the Plaintiffs;

B. An award of three times their actual damages or statutory fees up to $100,000.00, whichever is greater;

C. An award of their attorney's fees and costs reasonably incurred; and,

D. Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT SIX**
**AS AND FOR A SIXTH CAUSE OF ACTION**
**VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**815 ILCS 510/1, et seq.**
**(Against All Defendants)**

149. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 above in this Sixth Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

150. By publishing the False and Defamatory Statement and the False Light Statement on the Infringing Website, the Defendants intended to impute a meaning that the Plaintiffs lack credibility as an interior design business.

**ANSWER: Defendant denies the allegations in Paragraph 150.**

151. Ms. Mackie does not lack credibility in her interior design business.

**ANSWER: Defendant denies the allegations in Paragraph 151.**

152. Inspired Interiors does not lack credibility in its interior design business.

**ANSWER: Defendant denies the allegations in Paragraph 152.**

153. By publishing the False and Defamatory Statement and the False Light Statement on the Infringing Website, the Defendants intended to disparage the Plaintiffs' services.

**ANSWER: Defendant denies the allegations in Paragraph 153.**

154. The Defendants published the False and Defamatory Statement and the False Light Statement concerning Inspired Interiors to third parties.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 154.**

155. The Defendants caused the False and Defamatory Statement and the False Light Statement to be made on and through the Internet.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 155.**

156. The False and Defamatory Statement and the False Light Statement published on the Infringing Website identify the Plaintiffs by name.

**ANSWER: Defendant denies the allegations in Paragraph 156.**

157. Persons other than the Plaintiffs and the Defendants would and actually have confused the Infringing Website with the Inspired Interiors Website.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 157 and, therefore, denies the allegations in Paragraph 157.**

158. Persons other than the Plaintiffs and the Defendants would and actually have reasonably understood the False and Defamatory Statement and the False Light Statement published on the Infringing Website related to and were about the Plaintiffs.

**ANSWER: Defendant denies the allegations in Paragraph 158.**

159. The Defendants presented the False and Defamatory Statement and the False Light Statement published on the Infringing Website as fact.

**ANSWER: Defendant denies the allegations in Paragraph 159.**

160. Persons other than the Plaintiffs and the Defendants would and actually have reasonably understood False and Defamatory Statement and the False Light Statement to be factual with regard to the Plaintiffs' services.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 160.**

161. The False and Defamatory Statement and the False Light Statement published on the Infringing Website constituted unprivileged publication of defamatory statements by the Defendants to third parties.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 161.**

162. By engaging in the foregoing conduct, the Defendants disparaged the services of the Plaintiffs by false and misleading representations of fact.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 162.**

163. The Defendants made False and Defamatory Statement and the False Light Statement with actual malice knowing the falsity of the statements.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 163.**

164. By engaging in the foregoing conduct, Defendants engaged in a deceptive trade practice.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 164.**

165. The Defendants willfully engaged in the foregoing conduct.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 165.**

166. The Defendants willfully engaged in a deceptive trade practice.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 166.**

167. There is a recognizable threat of future publication of statements that demean the integrity of the Plaintiffs' services given the Defendants' subsequent changes to the content found on the Infringing Website.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 167.**

168. By engaging in the conduct described in this Count Six, the Defendants violated the Illinois Uniform Deceptive Trade Practices Act.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 168.**

169. As a direct and proximate result of the Defendants' conduct described in this Count Six and violation of the Illinois Uniform Deceptive Trade Practices Act, the Plaintiffs have suffered injuries and damages resulting therefrom that include, but are not limited to, violation of their statutory rights, loss of goodwill, loss of business, invasion of their privacy, and harmed reputation.

**ANSWER: Defendant denies the allegations in Paragraph 169.**

170. WHEREFORE, based on the Defendants' violation of the Illinois Uniform Deceptive Trade Practices Act, the Plaintiffs seek:

A. An award of their attorney's fees and costs reasonably incurred;

B. Injunctive relief in the form of order permanently (i) enjoining the Defendants from publishing the Infringing Website and using the Infringing Domain and (ii) enjoining the Defendants from using a third party to engage in any of the foregoing conduct; and,

C. Any such other relief to which the Plaintiffs may be entitled or as justice may require.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT SEVEN**
**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(BY EMILY MACKIE)**
**DEFAMATION PER SE**
**(Against All Defendants)**

171. Ms. Mackie hereby incorporates by reference Paragraphs 1 through 75 above in this Seventh Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

172. The False and Defamatory Statement falsely conveys a meaning that Ms. Mackie lies in her profession.

**ANSWER: Defendant denies the allegations in Paragraph 172.**

173. The False and Defamatory Statement falsely conveys a meaning that Ms. Mackie cheats in her profession.

**ANSWER: Defendant denies the allegations in Paragraph 173.**

174. The False and Defamatory Statement falsely conveys a meaning that Ms. Mackie is professionally dishonest in her capacity as an interior designer.

**ANSWER: Defendant denies the allegations in Paragraph 174.**

175. Ms. Mackie is not professionally dishonest.

**ANSWER: Defendant denies the allegations in Paragraph 175.**

176. The False and Defamatory Statement falsely conveys a meaning that Ms. Mackie lacks professional integrity in her profession.

**ANSWER: Defendant denies the allegations in Paragraph 176.**

177. Ms. Mackie does not lack integrity in her profession.

**ANSWER: Defendant denies the allegations in Paragraph 177.**

178. The False and Defamatory Statement prejudice Ms. Mackie in her profession.

**ANSWER: Defendant denies the allegations in Paragraph 178.**

179. The Defendants published the False and Defamatory Statement concerning Ms. Mackie to third parties.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 179.**

180. The Defendants caused the False and Defamatory Statement to be made on and through the Internet.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 180.**

181. The False and Defamatory Statement identify Ms. Mackie by name.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 181.**

182. Arguably, the False and Defamatory Statement identify Ms. Mackie by her place of employment.

**ANSWER: Defendant denies the allegations in Paragraph 182.**

183. Persons other than Ms. Mackie and the Defendants would and actually have reasonably understood the False and Defamatory Statement to be related to and were about Ms. Mackie.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 183 and, therefore, denies the allegations in Paragraph 183.**

184. The Defendants presented the False and Defamatory Statement as fact.

**ANSWER: Defendant denies the allegations in Paragraph 184.**

185. The False and Defamatory Statement constituted unprivileged publication of defamatory statements by the Defendant to third parties.

**ANSWER: Defendant denies the allegations in Paragraph 185.**

186. The Defendants made the False and Defamatory Statement with actual malice knowing the falsity of the statements.

**ANSWER: Defendant denies the allegations in Paragraph 186.**

187. The False and Defamatory Statement constitute defamation per se because they falsely impute a lack of integrity in Ms. Mackie's employment and prejudice Ms. Mackie in her employment.

**ANSWER: Defendant denies the allegations in Paragraph 187.**

188. As a result of the Defendants' conduct and the publication of the False and Defamatory Statement, Ms. Mackie suffered and continues to suffer damages including, but not limited to, harmed reputation.

**ANSWER: Defendant denies the allegations in Paragraph 188.**

189. WHEREFORE, Ms. Mackie seeks an award of compensatory and punitive damages arising from the Defendants' per se defamation of her.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT EIGHT**
**AS AND FOR A EIGHTH CAUSE OF ACTION**
**(BY MS. MACKIE)**
**FALSE LIGHT**
**(Against All Defendants)**

190. Ms. Mackie hereby incorporates by reference Paragraphs 1 through 75 above in this Eighth Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

191. The False Light Statement casts Ms. Mackie in a false light by falsely portraying her as an individual who is unfaithful.

**ANSWER: Defendant denies the allegations in Paragraph 191.**

192. The False Light Statement prejudices Ms. Mackie in her employment.

**ANSWER: Defendant denies the allegations in Paragraph 192.**

193. The Defendants published the False Light Statement on the Internet.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 193.**

194. The False Light Statement identifies Ms. Mackie by name.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com, which identified Mackie by name. Defendant denies the remaining allegations in Paragraph 194.**

195. The Defendants made the False Light Statement with actual malice, knowing it would prejudice Ms. Mackie in her employment.

**ANSWER: Defendant denies the allegations in Paragraph 195.**

196. The False and Defamatory Statement casts Ms. Mackie in a false light by falsely portraying her as an individual that lacks integrity in her employment.

**ANSWER: Defendant denies the allegations in Paragraph 196.**

197. The False and Defamatory Statement casts Ms. Mackie in a false light by falsely portraying her as an individual that is professionally dishonest.

**ANSWER: Defendant denies the allegations in Paragraph 197.**

198. The False and Defamatory statement prejudices Ms. Mackie in her employment.

**ANSWER: Defendant denies the allegations in Paragraph 198.**

199. The Defendants published the False and Defamatory Statement on the Internet.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com. Defendant denies the remaining allegations in Paragraph 199.**

200. The False and Defamatory Statement identifies Ms. Mackie by name.

**ANSWER: Defendant admits he collaborated with Michael Mayes on the web development work that Michael Mayes did on InspiredInteriors.com, which identifies Mackie by name. Defendant denies the remaining allegations in Paragraph 200.**

201. The Defendants made the False and Defamatory Statement with actual malice, knowing it would prejudice Ms. Mackie in her employment.

**ANSWER: Defendant denies the allegations in Paragraph 201.**

202. As a result of the Defendants' conduct and casting Ms. Mackie in a false light, Ms. Mackie has suffered and continues to suffer damages including, but not limited to, harmed reputation.

**ANSWER: Defendant denies the allegations in Paragraph 202.**

203. WHEREFORE, Ms. Mackie seeks an award of compensatory and punitive damages arising from Defendants' casting her in a false light.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT NINE**
**AS AND FOR AN NINTH CAUSE OF ACTION**
**(BY EMILY MACKIE)**
**INTRUSION UPON SECLUSION**
**(Against Defendant Awtry)**

204. Ms. Mackie hereby incorporates by reference Paragraphs 1 through 75 and above in this Ninth Count as though fully set forth herein.

**ANSWER: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

205. Defendant Awtry violated federal and Illinois state statutes prohibiting unauthorized interception, reading, and use of electronic communications.

**ANSWER: Defendant denies the allegations in Paragraph 205.**

206. The electronic communications between the Plaintiffs and third parties in the Mackie Email Account were private.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 206 and, therefore, denies the allegations in Paragraph 206.**

207. Ms. Mackie considered her electronic communications with third parties in her Mackie Email Account to be private.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 207 and, therefore, denies the allegations in Paragraph 207.**

208. Defendant Awtry made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he accessed her iCloud Account without authorization.

**ANSWER: Defendant denies the allegations in Paragraph 208.**

209. Defendant Awtry made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he accessed her private electronic communications with third parties stored in her Mackie Email Account.

**ANSWER: Defendant denies the allegations in Paragraph 209.**

210. Defendant Awtry made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he used her private electronic communications with third parties stored in her Mackie Email Account.

**ANSWER: Defendant denies the allegations in Paragraph 210.**

211. Defendant Awtry made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he, upon information and belief, disclosed to third parties Ms. Mackie's private electronic communications with third parties stored in her Mackie Email Account.

**ANSWER: Defendant denies the allegations in Paragraph 211.**

212. Defendant Awtry made an unauthorized intrusion and prying into Ms. Mackie's privacy and seclusion when he intercepted Ms. Mackie's private electronic communications with third parties stored in her Mackie Email Account.

**ANSWER: Defendant denies the allegations in Paragraph 212.**

213. Defendant Awtry did not have authority to engage in the foregoing conduct described in this Count Eight.

**ANSWER: This Paragraph makes an allegation regarding "the foregoing conduct," which includes allegations in more than 90 paragraphs in the Second Amended Complaint and, therefore, is incapable of being answered with a short and plain statement. To the extent an answer is required, Defendant denies the allegations in Paragraph 213.**

214. Defendant Awtry's intrusions were unauthorized and unreasonable.

**ANSWER: Defendant denies the allegations in Paragraph 214.**

215. Defendant Awtry's intrusions are offensive to a reasonable person.

**ANSWER: Defendant denies the allegations in Paragraph 215.**

216. Defendant Awtry's intrusions are objectionable to a reasonable person.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 216.**

217. The intrusion upon Ms. Mackie's privacy and seclusion caused her to suffer damages and injuries including, but not limited to, anguish and suffering, harmed reputation, embarrassment, invasion of her privacy, and loss of trust.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 217.**

218. WHEREFORE, based on Defendant Awtry's intrusion upon her seclusion, Ms. Mackie

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 218.**

seeks:

A. An award of compensatory damages in an amount to be determined at trial;

B. An award of punitive damages in an amount to be determined at trial;

C. Injunctive relief in the form of an order:

i. permanently enjoining Defendant Awtry from accessing and/or attempting to access Ms. Mackie's iCloud Account;

ii. permanently enjoining Defendant Awtry from accessing and/or attempting to access any of Ms. Mackie's electronic accounts;

iii. permanently enjoining Defendant Awtry from unlawfully intercepting and/or accessing any of Ms. Mackie's private electronic communications;

iv. permanently enjoining Defendant Awtry from using and/or attempting to use any of the Plaintiff's private electronic communications obtained unlawfully;
v. permanently enjoining Defendant Awtry from disclosing to third parties and/or attempting to disclose to third parties any of the Plaintiff's private electronic communications obtained unlawfully;

vi. permanently enjoining Defendant Awtry from using a third party to engage in any of the foregoing conduct;

vii. compelling Defendant Awtry to permanently erase all electronic and other copies of Ms. Mackie's private electronic communications obtained unlawfully; and,

viii. compelling Defendant Awtry to provide independent confirmation and verification that he has completed (D)(iv) above; and,

D. Any such other relief to which Ms. Mackie may be entitled or as justice may require.

**<u>ANSWER</u>: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**COUNT TEN**
**AS AND FOR AN TENTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**
**(Against All Defendants)**

219. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 75 and above in this Tenth Count as though fully set forth herein.

**<u>ANSWER</u>: Defendant repeats and incorporates his answers to the proceeding allegations of Plaintiff's Second Amended Complaint.**

220. The Plaintiffs held a reasonable expectancy of entering into and continuing valid business relationships with consumers and prospective customers who would find the Plaintiffs' business through the Internet.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 220.**

221. The Plaintiffs held a reasonable expectancy of entering into and continuing a valid business relationship with the real estate agent who informed Ms. Mackie of the Infringing Website.

**<u>ANSWER</u>: The lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221. To the extent a response is required, Defendant denies the allegations in Paragraph 221.**

222. The Defendants knew of the Plaintiffs' expectancy of entering into and continuing valid business relationships with consumers and prospective customers who would find the Plaintiffs' business through the Internet.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 222.**

223. The Defendants expressly directed consumers and prospective customers away from the Plaintiffs by purchasing the Infringing Domain, creating the Infringing Website, and posting false information about the Plaintiffs on the Infringing Website.

**<u>ANSWER</u>: Defendant denies the allegations in Paragraph 223.**

224. The Defendants created the Infringing Website with the reasonable expectation that consumers and prospective customers would visit the Infringing Website rather than the Inspired Interiors Website.

**ANSWER: Defendant denies the allegations in Paragraph 224.**

225. The Defendants posted the False and Defamatory Statement and the False Light Statement with the reasonable expectation that consumers and prospective clients would choose not to use the Plaintiffs' services based on the statements made on the Infringing Website.

**ANSWER: Defendant denies the allegations in Paragraph 225.**

226. The Defendants acted with the intent to tortiously interfere with the Plaintiffs' prospective business relations by engaging in the foregoing conduct described in Count Ten.

**ANSWER: Defendant denies the allegations in Paragraph 226.**

227. The purchase of the Infringing Domain, the creation of the Infringing Website, and the publication of the False and Defamatory Statement and the False Light Statement constitute an intentional and unjustifiable interference with the Plaintiffs' prospective customers.

**ANSWER: Defendant denies the allegations in Paragraph 227.**

228. The Defendants' purposeful and intentional interference with the Plaintiffs' prospective customers and prospective business relations prevented the Plaintiffs' legitimate expectancies from developing into valid business relationships.

**ANSWER: Defendant denies the allegations in Paragraph 228.**

229. As a result of the Defendants tortious interference with their prospective business relations, the Plaintiffs have suffered damages including, but not limited to, loss of prospective business, revenue, and income.

**ANSWER: Defendant denies the allegations in Paragraph 229.**

230. WHEREFORE, based on the Defendants' tortious interference with prospective business relations, the Plaintiffs seek recovery of compensatory and punitive damages.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**GENERAL**

231. Where conditions precedent are alleged, the Plaintiffs aver that all conditions precedent have been performed or have occurred.

**ANSWER: The allegations in Paragraph 231 state a legal conclusion to which no response is request. To the extent a response is required, Defendant denies the allegations in Paragraph 231.**

232. The Plaintiffs demand a jury trial.

**ANSWER: Defendant admits Plaintiffs demand a jury trial.**

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. accordingly and respectfully seek for judgment against DEFENDANTS MASON AWTRY and MICHAEL MAYES as follows:

1. That PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. be awarded statutory damages;

2. That PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. be awarded compensatory damages in an amount to be determined at trial;

3. That PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. be awarded punitive damages in an amount to be determined at trial;

4. That PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. be awarded attorney's fees and costs;

5. That PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. be awarded the injunctive relief sought; and,

6. That PLAINTIFFS EMILY MACKIE AND INSPIRED INTERIORS, INC. be awarded any such other and further relief as this Court may deem just and proper or to which they may be entitled as a matter of law or equity.

**ANSWER: Defendant denies Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.**

**AFFIRMATIVE DEFENSES**

As and for his Affirmative Defenses to Plaintiffs' Second Amended Complaint, Defendant states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs fail to state claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. To the extent Plaintiffs failed to exercise diligence to mitigate their alleged damages, their damages are barred.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs' defamation and false light claims fail because the alleged defamatory and false light statements are substantially true.

4. Plaintiff Mackie alleges she was defamed by statements that she was a liar, a cheater and adulterous.

5. Plaintiff Mackie admits, however, that she is a liar, a cheater and adulterous.

6. Merriam-Webster dictionary defines adulterous as an adjective that is used to describe someone who is guilty of adultery. Further, Merriam-Webster defines "a woman who commits adultery" -- an adulteress -- as "a married woman who has sex with a man who is not her husband."

7. Per the Merriman-Webster Dictionary, to cheat is "to break a rule or law" or "to be sexually unfaithful".

8. Plaintiff Mackie married Carl Norris on October 3, 2011.

9. Plaintiff Mackie was married to Carl Norris until April 13, 2011.

10. Plaintiff Mackie had sex with Mark Dillon while she was married to Carl Norris.

11. Plaintiff Mackie is, according to the Merriman-Webster Dictionary definition, an adulteress.

12. Plaintiff Mackie is, according to the Merriman-Webster Dictionary definition, a cheater.

13. Over the course of 2009 to 2014, Plaintiff Mackie told more than one lie.

14. For example, in 2014, Plaintiff Mackie represented her gross monthly income as $2,700 per month on a rental application for property located at 411 Prairie, Wilmette, Illinois.

15. Plaintiff Mackie's representation on the rental application that her gross monthly income was $2,700 was intentionally low.

16. Plaintiff Mackie is a liar.

**FOURTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' claims are barred by the doctrine of unclean hands.

18. Specifically, Plaintiff Mackie made false representations regarding Defendant as part of the legal process regarding custody of their child.

19. Plaintiff Mackie made false allegations regarding Defendant, in part, to antagonize and incite Defendant.

WHEREFORE, Defendant Mason Awtry respectfully requests that Plaintiffs' Second Amended Complaint be dismissed with prejudice and that this Court enter judgment in his favor and against Plaintiffs Emily Mackie and Inspired Interiors, Inc. and for such further relief as this Court deems appropriate.

Dated: October 31, 2016

Respectfully submitted,

MASON AWTRY,
Defendant

By: /s/ Brian P. Paul
One of His Attorneys

Kerryann M. Haase
Brian P. Paul
Sarah E. Flotte
Michael Best & Friedrich LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Telephone: 312.222.0800
Facsimile: 312.222.0818

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2016 I electronically filed the foregoing ***Defendant Mason Awtry's Answer to Plaintiff's Second Amended Complaint*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Kevin Vail Hunt**
**Megan Mae Mathias**
**Melissa J. Lettiere**
Stahl Cowen Crowley Addis LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603

/s/ Brian P. Paul

Attorney for Defendant Mason Awtry
Michael Best & Friedrich LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, Illinois 60601
Phone: (312) 222-0800
E-mail: bppaul@michaelbest.com